IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDERICK BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:17cv487-WKW |
| | ) (WO) |
| TIMOTHY PIVNICHNY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

*Pro se* plaintiff Frederick Banks, a federal pretrial inmate currently incarcerated at the Northeast Ohio Correctional Center, initiated this civil action around July 20, 2017, by filing what he styles as a "complaint for damages." Doc. No. 1. Banks alleges that the numerous defendants named in his complaint[1] violated his right to due process, as well as the "bad men" clause under the Sioux Treaty of Fort Laramie, by conspiring with, or covering up actions by, FBI Special Agent Timothy Pivnichny, who Banks says

---

[1] Banks's complaint names approximately 100 defendants, most of whom are individuals and some of which are federal agencies/branches of government. See Doc. No. 1 at 1–4. For example, Banks names FBI Special Agent Timothy Pivnichny, Barack Obama, Mitt Romney, Hillary Rodham Clinton, James Comey, Steve Bannon, and numerous United States Senators and federal judges. Included also are the FBI, CIA, CIA Office of Science and Technology, United States District Court for the Western District of Pennsylvania, Administrative Office of the U.S. Courts, United States Senate, and the United States Congress. Only a small number of these defendants are mentioned in the body of Banks's complaint, mostly in conclusory allegations. *Id.* at 4–6. Banks also cursorily asserts that this court has jurisdiction over his claims because "during [his] confinement Banks was transported to and through this district." *Id.* at 5.

intimidated his fiancée at gunpoint ("in 2003 and 2004") into testifying against Banks in a criminal case in the United States District Court for the Western District of Pennsylvania. *Id.* at 4–5. Besides seeking declaratory relief directing that his criminal case no longer be delayed, Banks requests "damages exceeding $500,000,000." *Id.*

## II. DISCUSSION

In connection with his complaint, Banks has filed an application for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Doc. No. 2. However, under 28 U.S.C. § 1915(g), commonly called the "three-strikes rule," a prisoner may not bring a civil action *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

Banks is "a well-established, multi-district, frequent filer," who, through September 2014,

> filed over 205 cases that were dismissed at the pleading stage in the Northern District of Ohio, the District of Massachusetts, the Southern District of Mississippi, the District of Columbia, the Southern District of New York, the District of Colorado, the District of Arizona, the Southern District of Florida, the Middle District of Florida, the Eastern District of North Carolina, the

---

[2] Title 28, § 1915(e) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint ... is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall*, C.C.F., No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing *Neitzke,* 490 U.S. at 325). Pursuant to § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09–14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06–C–632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

Middle and Western Districts of Pennsylvania, the Eastern District of Missouri, the Eastern District of New Jersey, the Eastern District of Arkansas, the Western District of Oklahoma, the District of Utah, and the District of Alaska. Of those cases, 99 were dismissed pursuant to the three strikes provision of 28 U.S.C. § 1915(g).

*Banks v. Pugh*, No. 4:13CV2522, 2014 WL 4441470, at *1 (N.D. Ohio Sept. 9, 2014). A cursory search of cases on Westlaw and the PACER system reveals that Banks has not ceased such filings and has continued to file civil suits in multiple federal district courts dismissed as frivolous and vexatious or subject to dismissal under § 1915(g)'s three-strikes rule. *See, e.g., Banks v. Hornak*, No. 16-6981, 2017 WL 2788587 (4th Cir. June 27, 2017); *Banks v. Merit Sys. Prot. Bd. U.S. Dept. of Justice*, No. 16-61, 2016 WL 693135 (W.D. Pa. Feb. 22, 2016); *Banks v. Pope Francis*, No. CV 15-1385, 2015 WL 8207532 (W.D. Pa. Dec. 8, 2015); *Banks v. Roberts*, No. 16-CV-720, 2016 WL 3963000 (E.D. Wis. July 21, 2016).

With over 200 cases dismissed by other federal district courts under 28 U.S.C. § 1915(e) or § 1915(g), there is ample basis for dismissing Banks's instant action by applying § 1915(g)'s three-strikes rule.[3] For simplicity and brevity, this court will rely on but a small percentage of these cases in finding a violation of the directives of § 1915(g) here. The court relies on the following cases, selected through no particular methodology,

---

[3] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court abrogated *Rivera*, but only to the extent *Rivera* required an inmate to plead exhaustion of remedies in his complaint, as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.

filed by Banks while incarcerated or detained and dismissed as frivolous or malicious or for failing to state a claim on which relief may be granted: (1) *Banks v. Vio Software*, 275 F. App'x. 800 (10th Cir. 2008) (assessing Banks two strikes); (2) *Banks v. U.S. Marshal*, 274 F. App'x 631 (10th Cir. 2008) (assessing Banks four strikes); (3) *Banks v. An Unknown Named Number of Federal Judges and United States Covert Government Agents*, No. 1:13 CV 1763 (N.D. Ohio Oct. 10, 2013) (dismissed under § 1915(e)); (4) *Banks v. U.S. Marshal*, No. 4:13 CV 490 (N.D. Ohio June 19, 2013) (dismissed under § 1915(e)); (5) *Banks v. Scarsborough*, No. 4:13 CV 170 (N.D. Ohio Mar. 29, 2013) (dismissed under three-strikes provision of § 1915(g)); (6) *Banks v. Action Software*, No. 1:07 CV 930 (N.D. Ohio July 9, 2007) (dismissed under § 1915(e)); (7) *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 586 n.1 (W.D. Pa. 2008) (noting that Banks "has accumulated more than three strikes"); (8) *Banks v. Dove, et al.*, Civil No. 1:06–CV–02289 (M.D. Pa. Jan. 16, 2007) (dismissed under § 1915(e)); (9) *Banks v. PNC Bank*, No. C06–1109JLR, 2007 WL 2363064 (W.D. Wash. Aug. 14, 2007) (counting three strikes against Banks based upon two suits filed in the Western District and one suit filed in the Middle District of Pennsylvania); (10) *Banks v. Williams*, No. 5:07–CV–226, 2008 WL 544946 (S.D. Miss. Feb. 21, 2008) (denying Banks IFP status because he had at least three strikes).

The allegations made the basis of Bank's complaint fail to demonstrate that he was "under imminent danger of serious physical injury" when he filed this complaint, as required to meet the imminent danger exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present

4

"imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)).

The court therefore concludes that Banks's motion for leave to proceed *in forma pauperis* should be denied and this case dismissed without prejudice for Banks's failure to pay the requisite $350.00 filing fee upon initiating this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit.").

### III. CONCLUSION

Accordingly, it is ORDERED that the motion for leave to proceed *in forma pauperis* filed by Banks (Doc. No. 2) is DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Banks's failure to pay the full filing fee upon initiating this case.

It is further ORDERED that the parties shall file any objections to this Recommendation or before October 31, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal

conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 17th day of October, 2017.


    /s/   Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE